UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

NIGELLUS DEVONTE DAVIS                                              PLAINTIFF

VERSUS                                      CIVIL ACTION NO. 1:19CV967-LG-RPM

GOLDEN NUGGET CASINO                                                DEFENDANT

## REPORT and RECOMMENDATION

This matter is before the Court *sua sponte*. Over a one-year period, Plaintiff Nigellus Devonte Davis has filed 18 *pro se* lawsuits in the Southern District of Mississippi. In the instant cause of action, he alleges he hit four jackpots and two separate nights at the Golden Nugget Casino. He alleges $111 trillion in damages. He requests his winnings plus interest, ownership of the company or half is shares; the name of the casino changed to the "Lord Golden Nigellus"; $10 million house; and a 2020 Bentley convertible (silver). By separate order, the Court has granted Plaintiff's motion to proceed *in forma pauperis*.

On February 17, 2021, the undersigned noticed this matter for an in-person omnibus hearing scheduled for March 8, 2021 at 9:00 a.m. The Court mailed a copy of the notice to Plaintiff's address of record: 18308 Leslie Lane, Saucier, MS 39574. At the appointed date and time, the Court came to order and called Plaintiff's case. Plaintiff was not present for the hearing. The Courtroom Deputy went into the hallway outside the courtroom to call Plaintiff's name three times but received no response. Court security at the front door advised chambers' staff that Nigellus Davis had not entered the Courthouse at any time that day. Based on Plaintiff's failure to appear at the hearing, for which he received notice, and his failure to otherwise communicate with the Court regarding this matter, the Court finds Plaintiff no longer

demonstrates interest in prosecuting his claims. Therefore, his complaint should be dismissed without prejudice for failure to prosecute.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff Nigellus Devonte Davis' complaint be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 9th day of March 2021.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE